UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YANETSI COLLIER,

       Plaintiff,

v.                               Case No.:  2:19-cv-49-FtM-38MRM

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

       Defendant.
                                        /

## **OPINION AND ORDER**[1]

Before the Court is Defendant Wright National Flood Insurance Company's Motion to Dismiss Plaintiff's Florida Law Claims (Doc. 25). Plaintiff has not responded, so the Court considers the Motion unopposed.

Collier filed this action in state court, alleging that Wright breached an insurance contract by failing to pay for covered repairs. On top of damages, Collier seeks "interest, court costs, and reasonable attorneys' fees pursuant to Fla. Stat. § 627.428." (Doc. 3). Wright removed the case because the insurance contract was executed as part of the National Flood Insurance Program (NFIP)'s Write-Your-Own Program. (Doc. 1). Federal district courts have original, exclusive jurisdiction over actions based on NFIP policies.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

42 U.S.C. § 4072. Wright now moves to dismiss Collier's state law claims for attorneys' fees, costs, and interest because they are preempted by federal law. And Wright raises the no-interest rule as another bar to Collier's claim for interest. (Doc. 25).

The Eleventh Circuit has held that federal regulations, as expressed in the NFIP's Standard Flood Insurance Policy, preempt state tort claims based on those policies. *Shuford v. Fidelity Nat. Prop. Cas. Ins. Co.*, 508 F.3d 1337, 1344 (11th Cir. 2007). The Court thus agrees that Collier cannot recover attorneys' fees under Florida law and will strike the reference to Fla. Stat. § 627.428. But the Court does not decide whether Collier can recover attorneys' fees under federal law. *See Lovers Lane, LLC v. Wright Nat. Flood Ins. Co.*, No. 2:18-CV-741-FTM-29MRM, 2019 WL 130362, at *1 (M.D. Fla. January 8, 2019).

The Court will also strike Collier's request for interest. The no-interest rule is a "sovereign immunity principle that in the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award." *Newton v. Capital Assurance Co., Inc.*, 245 F.3d 1306, 1309 (11th Cir. 2001) (internal quotations and citations omitted). And the federal government "will always foot the full bill" in actions based on NFIP policies. *Id.* at 1312.

The Court will not, however, strike Collier's request for costs, since Federal Rule of Civil Procedure 54(d)(1) generally allows costs to the prevailing party.

Accordingly, it is now

**ORDERED:**

Defendant Wright National Flood Insurance Company's Motion to Dismiss Plaintiff's Florida Law Claims (Doc. 25) is **GRANTED in part** and **DENIED in part**.

(1) Collier's requests for attorneys' fees under Fla. Stat. § 627.428 in paragraph 15 and the Wherefore Clause of the Complaint are stricken.

(2) Collier's request for interest in the Wherefore Clause of the Complaint is stricken.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of April, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record